# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

ROBERT QUESADA,
          Appellant,

      v.

DEPARTMENT OF HOMELAND
  SECURITY,
          Agency.

DOCKET NUMBER
DA-1221-14-0497-W-2

DATE: July 18, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Robert Quesada</u>, El Paso, Texas, pro se.

<u>Michelle Morton</u>, El Paso, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal as untimely refiled. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2        On June 20, 2014, the appellant filed an IRA appeal with the Board. *Quesada v. Department of Homeland Security*, MSPB Docket No. DA-1221-14-0497-W-1, Initial Appeal File (IAF), Tab 1.  On March 28, 2016, the administrative judge issued an initial decision dismissing the appeal without prejudice at the appellant's request.  IAF, Tab 26, Initial Decision (ID).  The refiling deadline was set for May 27, 2016.  ID at 3.  The refiling deadline passed without further communication from the appellant.

¶3        On August 11, 2017, the Board's regional office received a letter from the appellant postmarked August 9, 2017, which it interpreted as a request to refile the appeal.  *Quesada v. Department of Homeland Security*, MSPB Docket No. DA-1221-14-0497-W-2, Refiled Appeal File (RAF), Tabs 1-2.  The appeal was reassigned to another administrative judge, who notified the appellant that his refiling appeared to be untimely, apprised him of his burden on the timeliness issue, and ordered him to respond.[2]  RAF, Tab 3.  The appellant failed to respond to the order, and on September 6, 2017, the administrative judge issued an initial decision dismissing the refiled appeal as untimely without good cause shown for the delay.  RAF, Tab 6, Refiled Initial Decision (RID).

¶4        On December 21, 2017, the Office of the Clerk of the Board received a letter from the appellant postmarked December 18, 2017.  *Quesada v. Department of Homeland Security*, MSPB Docket No. DA-1221-14-0497-W-2, Petition for Review (PFR) File, Tab 1.  The Office of the Clerk of the Board contacted the appellant and determined that the appellant intended the letter to be a petition for review of the initial decision.  PFR File, Tab 2 at 1.  The Office of the Clerk of the Board notified the appellant that his petition for review appeared to be untimely, warned him that his petition might be dismissed on that basis, and advised him of the legal standards and his burden of proof on the timeliness issue.

*Id*. at 2.  The appellant filed a motion to waive the filing deadline, arguing that his petition was untimely because he was overseas, had trouble accessing his email, and was medically incapacitated.  PFR File, Tab 3.  The agency has filed a response.[3]  PFR File, Tab 4.

## ANALYSIS

¶5      A petition for review must be filed within 35 days after the initial decision is issued, or, if the appellant shows that he received the initial decision more than 5 days after it was issued, within 30 days after the date of receipt.  *Williams v. Office of Personnel Management*, 109 M.S.P.R. 237, ¶ 7 (2008); 5 C.F.R. § 1201.114(e).  The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the filing delay.  *Lawson v. Department of Homeland Security*, 102 M.S.P.R. 185, ¶ 5 (2006); 5 C.F.R. §§ 1201.12, 1201.114(g).  To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of his case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely

---

[2] The administrative judge originally assigned to this appeal had since retired.

[3] After the close of the record on review, the appellant filed a series of motions making various allegations of misconduct and asking the Board to take action against several Government employees.  PFR File Tab 5.  Not only are these motions not permitted under the Board's regulations, *see* 5 C.F.R. § 1201.114(a), they are irrelevant to the timeliness issue and are therefore immaterial to the outcome of the appeal.  The appellant's motions are DENIED.

file his petition. *Moorman v. Department of the Army*, [68 M.S.P.R. 60](#), 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6 In this case, it appears to be undisputed that the petition for review was untimely filed. The appellant is a registered e-filer, and the initial decision was served on him electronically on September 6, 2017—the date it was issued. RID; RAF, Tab 7; *see* [5 C.F.R. § 1201.4](#)(i)-(n). Therefore, the deadline for filing the petition for review was October 11, 2017. *See* [5 C.F.R. § 1201.114](#)(e) (35-day deadline for filing a petition for review). The December 18, 2017 petition for review was untimely by 73 days—a very significant delay. *See Summerset v. Department of the Navy*, [100 M.S.P.R. 292](#), ¶ 7 (2005) (explaining that a filing delay of 33 days is significant.).

¶7 The appellant gives several explanations for the filing delay, including that that he had no email access because he was overseas and his email account had been hacked. PFR File, Tab 3 at 1. We find that this explanation does not establish good cause. First of all, the appellant does not give the dates of his overseas travel. We therefore lack sufficient information to determine whether his travels might have accounted for some, any, or all of his filing delay. *Cf. Miller v. Department of Homeland Security*, [110 M.S.P.R. 258](#), ¶ 18 (2008) (finding that appellant failed to show good cause for his untimely filing when, among other things, he did not give the dates of his alleged hospitalization). Second, the appellant does not explain where he traveled to that he was unable to access his email. Internet and email services are generally available overseas, and we find insufficient information to conclude that the appellant's travels left him unexpectedly incommunicado for more than 73 days. As for the appellant's allegation that his email account was hacked, although such an event might disrupt his email access for a time, there is no evidence to show that he informed the Board of this issue in a timely matter. *Cf. Walker v. Department of the Air Force*, [109 M.S.P.R. 261](#), ¶ 7 (2008) (indicating that the appellant's failure to notify the administrative judge of a change in her email address did not constitute

excusable neglect related to her untimely petition for review). The appellant asserts that the administrative judge originally assigned to this appeal was aware that his email had been hacked and that he was overseas.[4] PFR File, Tab 3 at 1. However, there is no documentary evidence in the record to support the appellant's assertion, and in any event, that administrative judge retired in January 2017. Nonetheless, accepting as true this assertion, the appellant had more than enough time to straighten out the issues with his email before the petition for review filing deadline 8 months later. The appellant has not explained how his alleged email access problems prior to the refiling of his appeal affected his ability to timely file his petition for review.

¶8    The appellant also argues that he suffers from migraine headaches that impair his ability to participate in normal activities such as work and jury duty. *Id*. at 1, 3-4. However, as the Office of the Clerk of the Board informed the appellant, to establish that an untimely filing was the result of an illness, he must: (1) identify the time period during which he suffered from the illness; (2) submit medical evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his petition or a request for an extension of time. PFR File, Tab 2 at 8 n.1; *see Lacy v. Department of the Navy*, [78 M.S.P.R. 434](), 437 (1998). The appellant's assertion that he suffers from migraine headaches, without any medical evidence to show that he suffered from this condition during the relevant time period, is insufficient to show that his headaches could account for the entirety of the 73-day filing delay at issue. *See Gonzalez v. Department of Veterans Affairs*, [111 M.S.P.R. 697]() (2009); *see also Perrot v. Department of the Navy*, [84 M.S.P.R.]()

---

[4] The appellant asserts that he was never informed that his appeal had been reassigned to a different administrative judge. PFR File, Tab 3 at 1. We disagree. The appellant was informed of the reassignment in the August 15, 2017 acknowledgment order for his refiled appeal. RAF, Tab 2.

468, ¶ 6 (1999) (stating that medical evidence proffered to show that an untimely filing was the result of illness must address the entire period of the delay).

¶9       Considering all of the evidence on the timeliness issue, we find that although he is proceeding pro se, the length of the delay is significant, and the appellant has not established good cause for it.  Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the timeliness of the appellant's refiled appeal.  RID.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems*

*Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).  **(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and you wish to challenge the Board's rulings on <u>your whistleblower claims only, excluding all other issues</u>, then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx


FOR THE BOARD:                          /s/ for
                                   _____
                              Jennifer Everling
                              Acting Clerk of the Board

Washington, D.C.